**HAI YAN CHEN, Petitioner,**

v.

**Eric H. HOLDER Jr.,\* Respondent.**

No. 08–1284–ag.

United States Court of Appeals, Second Circuit.

Aug. 12, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Robert J. Adinolfi, Louis & Adinolfi LLC, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Barry J. Pettinato, Assistant Director, Dalin R. Holyoak, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, REENA RAGGI and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Hai Yan Chen, a native and citizen of China, seeks review of a February 26, 2008 order of the BIA affirming the March 28, 2006 decision of Immigration Judge ("IJ") Annette S. Elstein, denying her applications for asylum, withholding of removal, and CAT relief. *In re Hai Yan Chen,* No. A97 331 532 (B.I.A. Feb. 26, 2008), *aff'g* No. A97 331 532 (Immig. Ct. N.Y. City Mar. 28, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey,* 529 F.3d 141, 146 (2d Cir.2008).

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo. See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

■ In order to establish persecution on account of political opinion, an applicant must show, through direct or circumstantial evidence, that the motives of her persecutors arise from the applicant's political beliefs, whether actual or imputed. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005). As the IJ concluded, the incidents that Chen described in her testimony stemmed not from Chen's political opinion but from a private dispute based on a romantic rivalry. At her hearing, Chen claimed that her rival, who allegedly beat her brother, was released prematurely from detention because her father was a wealthy businessman who bribed the police. However, even if her rival's father did bribe the police, there is no basis to conclude that he did so on account of Chen's political opinion. Accordingly, the IJ did not err in finding that Chen failed to establish a nexus to a protected ground enumerated under the asylum statute. *See* 8 U.S.C. § 1101(a)(42).

■ In addition, substantial evidence supported the IJ's finding that Chen was not credible. The IJ's adverse credibility determination was supported by numerous discrepancies in the record, including inconsistencies between Chen's testimony and letters submitted from her family regarding whether Chen was involved in a romantic relationship, and the omission

from her family's letters of any mention of her brother's alleged broken arm. Chen argues that the IJ erred in relying on these inconsistencies in finding her not credible because they were minor and immaterial. However, the IJ was entitled to base her adverse credibility determination on omissions and discrepancies that were "collateral or ancillary" to Chen's claim as long as the "totality of the circumstances" supported her conclusion that Chen was not credible. *See Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008).

Here, the totality of the circumstances did support the IJ's adverse credibility determination. The IJ's credibility finding was based not only on discrepancies in the record, but also on Chen's demeanor and her failure to corroborate key elements of her claim. To the extent Chen argues that the IJ erred in finding her not credible based on a lack of corroboration without first meeting the requirements set forth in *Diallo v. INS,* 232 F.3d 279, 286 (2d Cir. 2000), we note that *Diallo* analysis is not required when the IJ's corroboration concerns are tied to an adverse credibility determination. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

Because Chen failed to meet her burden of proof with respect to her asylum claim, she also necessarily failed to meet the higher burden of proof imposed by her claims for withholding of removal and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Chen argues that the IJ erred by failing to consider her CAT claim separately from her claims for asylum and withholding of removal. However, because Chen's CAT claim shared the same factual predicate as her claims for asylum and withholding of removal, it is likewise defeated by the adverse credibility determination in this case. *See id.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.